IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:15-cv-7-RP-JCM |
| | § | |
| CYNTHIA D. TILLEY, JIMMY BOWMAN, | § | |
| COREY FURR, KEVIN HARRIS, | § | |
| KEVIN STIPES, SAMUEL MATTHEWS, | § | |
| and JARED POLLARD, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske, (Dkt. 42), concerning the Motion for Summary Judgment filed by Defendants Cynthia Tilley, Jimmy Bowman, Corey Furr, Kevin Stipes, and Samuel Matthews, (Dkt. 38).[1]

This case was referred to United States Magistrate Judge Jeffrey C. Manske for a report and recommendation on the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

In his report and recommendation, Judge Manske recommended that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. 42, at 19). Neither party filed objections. Having considered the parties' submissions, the record, and the applicable law, the Court issues the following order.

---

[1] Defendants Pollard and Harris have not appeared and are not represented by the counsel who filed the motion for summary judgment. For the sake of clarity, the Court will refer to Defendants Tilley, Bowman, Furr, Stipes, and Matthews as the "Represented Defendants." Where the Court refers to the "Defendants' motion for summary judgment," the Court is referring to the Represented Defendants and their motion at Dkt. 38. At all other times, the term "Defendants" shall refer to all of the named defendants in this case. Where the Court intends to refer to discrete defendants, it will do so by individual reference.

# I. BACKGROUND

Plaintiff is incarcerated in the custody of the Texas Department of Criminal Justice ("TDCJ"). (*See* Compl., Dkt. 1, 1-C, 1-D). At all relevant times for this action, Plaintiff was housed in the William R. Boyd, Jr. Unit in Teague, Texas. (Compl., Dkt. 1-C, at 1). Defendant Tilley is warden of the Boyd Unit. (Defs.' Mot. Summ. J., Dkt. 38, at 2). Defendant Bowman is assistant warden. (Compl., Dkt. 1-D, at 6). Defendants Stipes, Bowman, Furr, Harris, Matthews, and Pollard were all correctional officers in the Boyd Unit when the events in this case took place. (Defs.' Mot. Summ. J., Dkt. 38, at 1; Compl., Dkt. 1-D, at 1).

Plaintiff, proceeding *pro se*, alleges claims arising out of two distinct incidents. The first incident occurred on July 12, 2013, when Defendant Tilley allegedly ordered Defendant Stipes and Dr. Frank Leonard to deprive Plaintiff of his wheelchair. (Compl., Dkt. 1-C). The second incident occurred on December 2, 2013, when Defendants Harris and Pollard allegedly took away Plaintiff's wheelchair while he was in his cell, causing him to fall on his head. (Compl., Dkt. 1-D). Plaintiff alleges that the fall knocked him unconscious, and that Defendants Pollard, Matthews, Furr, Bowman, and Tilley knew he was unconscious but did nothing to care for him for over 14 hours, at which point he was taken by ambulance to a nearby hospital. (*Id.*).

Construing Plaintiff's *pro se* complaint liberally, Plaintiff brings claims under 42 U.S.C. § 1983 ("Section 1983") for violations of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (*See* Compl., Dkt. 1, at 4 (in the sections labeled "Statement of the Case" and "Relief")). Defendants' motion for summary judgment addresses Plaintiff's claims under the Fourth and Eighth Amendments, asserts qualified immunity as to the Eighth Amendment claims, and asserts sovereign immunity as to all claims against the Represented Defendants in their official capacities. (Defs.' Mot. Summ. J., Dkt. 38, at 5–10). The magistrate judge's report and recommendation addresses Plaintiff's Eighth Amendment claims, Defendants' qualified immunity as

to those claims, and Defendants' assertion of sovereign immunity.[2] (Report & Rec., Dkt. 42, at 7–18). Defendant Harris has not been served and has not appeared. (*See* Dkt. 18 (indicating that the summons for Defendant Harris was returned unexecuted on July 8, 2016)). Defendant Pollard has been served, but has not appeared. (*See* Dkt. 19 (indicating service on July 8, 2016)). The Court later found the service of Defendant Pollard to be defective, and ordered that service be reissued and that Defendant Pollard respond. (Dkt. 43). The second attempted service of Defendant Pollard was returned unexecuted. (Dkt. 46). Plaintiff requested a jury trial, (Compl., Dkt. 1-A), but no trial has yet been scheduled, (*see* Text Order dated February 3, 2017).

## II. STANDARD OF REVIEW

### A. Federal Magistrates Act

Under federal statute and the Federal Rules of Civil Procedure, magistrate judges may make findings and recommendations on dispositive motions. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). Motions for summary judgment are dispositive motions under the Federal Magistrates Act. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) (citing 28 U.S.C. § 636(b)(1)(A)). For dispositive motions, parties are entitled to *de novo* review of any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Even when no objections are made, however, the district judge has the

---

[2] The magistrate judge issued findings and recommendations as to whether qualified immunity entitled Defendants Harris and Pollard to summary judgment on Plaintiff's claims against them in their personal capacities. (*See* Report & Rec., Dkt. 42, at 3, 17–18). The magistrate judge also issued findings and recommendations as to whether sovereign immunity entitled Defendants Harris and Pollard to summary judgment on Plaintiff's claims against them in their official capacities. (*Id.* at 7–8).

3

discretion to "accept, reject, or modify the recommended disposition" regarding dispositive motions. Fed. R. Civ. P. 72(b)(3); *see also Thomas v. Arn*, 474 U.S. 140, 156 (1985).

Here, the magistrate judge issued findings and recommendations as to: (1) all of Plaintiff's claims against all Defendants in their official capacities, (2) all of Plaintiff's Eighth Amendment claims, and (3) Defendants' qualified immunity defense to Plaintiff's Eighth Amendment claims. (Report & Rec., Dkt. 42, at 7–18). There being no objections from either party, the Court will review the magistrate's recommendations as to those claims and defenses for clear error.

The magistrate judge's report and recommendation did not consider Plaintiff's Section 1983 claims relating to the alleged violations of his Fourth or Fourteenth Amendment rights. The Court therefore conducts a *de novo* review of Defendants' motion for summary judgment as to those claims.

B.     *Summary Judgment*

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87

4

(1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000). The court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants' motion for summary judgment addresses Plaintiff's claims under the Fourth and Eighth Amendments, asserts qualified immunity as to the Eighth Amendment claims, and asserts sovereign immunity as to all claims against the Represented Defendants in their official capacities. (Defs.' Mot. Summ. J., Dkt. 38, at 5–10). Plaintiff's response reiterates the factual allegations from his complaint and urges that his sworn pleading creates genuine issues of material fact on each of his claims. (Pl.'s Resp., Dkt. 41). As discussed below, the Court holds that summary judgment is appropriately granted against some, but not all, of Plaintiff's claims.

*A. Sovereign Immunity*

The magistrate judge recommended that summary judgment be granted against all of Plaintiff's claims against Defendants in their official capacities. (Report & Rec., Dkt. 42, at 7–8). "Sovereign immunity is jurisdictional," *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), and "any issue of jurisdiction must be addressed by [the c]ourt, *sua sponte* if necessary." *Lee v. Cox*, 31 F. App'x 159, 159 (5th Cir. 2001). The magistrate judge recommended that the Court grant summary judgment against Plaintiff on his Section 1983 claims against all Defendants in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a Section 1983 suit against a state official in his or her official capacity "is no different from a suit against the State itself"). There being no objections to the magistrate's recommendation, the Court reviews the recommendation for clear error. Finding none, the Court accepts the magistrate judge's recommendation and grants summary

5

judgment against Plaintiff on his Section 1983 claims against all Defendants in their official capacities.[3]

### B. *The July 2013 Claims*

The first set of Plaintiff's claims arises out of an incident that occurred on July 12, 2013, when Defendant Tilley allegedly ordered Defendant Stipes and Dr. Frank Leonard to deprive Plaintiff of his wheelchair. (Compl., Dkt. 1-C).[4] According to Plaintiff, Defendant Tilley told Defendant Stipes to take Plaintiff (then in a wheelchair) to the infirmary, where Dr. Leonard examined Plaintiff. (*Id.* at 2). Following the examination, Defendant Tilley and Dr. Leonard spoke privately, after which Defendant Tilley told Plaintiff that she was "going to be placing [Plaintiff] in a solitary cell without the wheelchair." (*Id.* at 3). Defendant Stipes then took Plaintiff to the "solitary cell," where he and another TDCJ inmate lifted Plaintiff out of the wheelchair. (*Id.* at 7). Plaintiff says he "pleaded" with Defendant Stipes "not to pull on [him] because [he] was hurting in extreme pain in [his] neck and in [his] lower back" after Dr. Leonard's examination. (*Id.*). Plaintiff claims that Defendant Stipes and the inmate "violently and forcefully" pulled Plaintiff out of his wheelchair, "causing something inside of my lower back to pop in intense excruciating pain." (*Id.* at 8). Plaintiff says that Defendant Stipes and the inmate then dropped him on the floor and dragged him into the cell, causing him further "excruciating intense pain in [his] neck and in [his] lower back." (*Id.* at 8–9). Plaintiff asserts that his physical condition has since deteriorated. (*Id.* at 10).

---

[3] Summary judgment is appropriate even against Defendants Harris and Pollard given the jurisdictional nature of sovereign immunity. Because the Court must address "any issue of jurisdiction . . . *sua sponte*," *Lee*, 31 F. App'x at 159, the Court must enter summary judgment *sua sponte* when, as here, sovereign immunity deprives the Court of jurisdiction.

[4] Plaintiff's complaint contains a declaration in which he swears under penalty of perjury that all facts in his complaint are true and correct. (Compl., Dkt. 1, at 5). Plaintiff's declaration transforms the allegations in his complaint into factual evidence equivalent to providing testimony in a sworn affidavit. 28 U.S.C. § 1746; *see also Johnson v. Jacobson*, No. 3:06-CV-0766-H, 2008 WL 2038882, at *4 (N.D. Tex. Apr. 28, 2008) ("When a *pro se* plaintiff properly executes a complaint or other pleadings which call for a declaration in conformity with 28 U.S.C § 1746, the plaintiff's statements are transformed from mere allegations of a pleading into specific facts as if they were in an evidentiary affidavit.").

From these alleged facts, Plaintiff brings claims under Section 1983 for several constitutional violations. First, Plaintiff alleges that Defendants Tilley and Stipes violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. (*Id.* at 4, 9). Second, Plaintiff claims that Defendant Tilley violated his Fourteenth Amendment Due Process rights by placing him in solitary confinement without first following adequate procedure. (*Id.* at 4). Third, Plaintiff claims that Defendant Stipes violated his Fourth Amendment rights by using excessive force when pulling him out of the wheelchair and into the cell. (*Id.* at 8.).

Defendants Tilley and Stipes dispute Plaintiff's Eighth Amendment claim, (Defs.' Mot. Summ. J., Dkt. 38, at 5–8), but they do not dispute Plaintiff's claims under the Fourth or Fourteenth Amendments.[5] The magistrate judge's report discusses Plaintiff's Eighth Amendment claims, (Report & Rec., Dkt. 42, at 8–18), but is silent on Plaintiff's Fourth and Fourteenth Amendment claims.

1. <u>Eighth Amendment—Deliberate Indifference</u>

The magistrate judge recommended that summary judgment be granted against Plaintiff's Eighth Amendment claims against Defendants Tilley and Stipes arising out of the July 2013 incident. (Report & Rec., Dkt. 42, at 11–12). There being no objections to the magistrate's recommendation, the Court reviews the recommendation for clear error. Finding none, the Court accepts the magistrate judge's recommendation and grants summary judgment against Plaintiff on his Section 1983 claims against Defendants Tilley and Stipes for violating his Eighth Amendment rights during the events of July 2013 alleged in Plaintiff's complaint. (Compl., Dkt. 1-C).

---

[5] Plaintiffs do assert that "Plaintiff's [e]xcessive [f]orce [c]laim [f]ails," but they appear to construe Plaintiff's Fourth Amendment claim as regarding the December 2013 incident. (*See* Defs.' Mot. Summ. J., Dkt. 38, at 8–9 (referring to Defendant Bowman removing Plaintiff's wheelchair from his cell—Defendant Bowman is only named in Plaintiff's complaint in connection with the December 2013 incident)). Accordingly, Defendants' motion for summary judgment does not contest Plaintiff's Section 1983 claims for excessive force arising out of Defendant Stipes' conduct in July 2013.

7

### 2. Fourteenth Amendment—Due Process

Plaintiff alleges violations of his Fourteenth Amendment due process rights arising out of Defendant Tilley's decision to place him in a solitary cell. (*See* Compl., Dkt. 1, at 4 ("they did place me into segregation solitary confinement without satisfying due process"); Compl., Dkt. 1-C, at 4 (claiming that Defendant Tilley "unjustly place[d Plaintiff] into solitary confinement without satisfying due process")). Nonetheless, Defendant Tilley does not address Plaintiff's due process claim in her motion for summary judgment, and the magistrate judge did not address Plaintiff's due process claim in his report and recommendation.

The U.S. Supreme Court has held that the Fourth Amendment's Due Process Clause protects a prisoner's "liberty interest in avoiding particular conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005) (holding that prisoners had a liberty interest in avoiding assignment to a unit in which prisoners were placed in a "small indoor room" for 23 hours per day, their placement was reviewed only once a year, and their placement disqualified them for parole consideration, *id.* at 223–24). That said, not every segregation policy gives rise to a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 475, 486 (1995) (finding no liberty interest protecting against a 30-day assignment to segregated confinement because it "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"). Moreover, even if a condition of confinement is sufficiently atypical and significant to create a constitutionally protected liberty interest, a plaintiff must also show that the defendant did not provide him with constitutionally adequate process. *See Wilkinson*, 545 U.S. at 224–29 (holding that the prison system provided adequate due process by providing informal, non-adversary procedures which included multiple levels of review for any decision recommending higher-security placement, and a placement review within 30 days of the initial assignment).

Plaintiff has not pleaded facts sufficient to establish either that (a) the conditions of his solitary cell were sufficiently atypical and significant to create a constitutionally protected liberty interest or that (b) the level of process provided to him fell below the constitutional minimum. The party moving for summary judgment can meet its burden "by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux*, 402 F.3d at 544. Moreover, "it is well-settled that a district court may grant summary judgment *sua sponte*, so long as the losing party has ten days' notice to come forward with all of its evidence in opposition to summary judgment." *Shepherd v. Gulf Coast Cmty. Servs.*, 221 F. App'x 308, 310 (5th Cir. 2007). Here, in light of the lack of evidence supporting Plaintiff's Section 1983 claim for violations of his Fourteenth Amendment Due Process rights, the Court is satisfied that summary judgment would be proper on the basis of an absence of evidence. That said, the Court will not grant summary judgment on this claim *sua sponte* without giving Plaintiff notice and an opportunity to produce evidence in opposition to summary judgment.

Accordingly, Plaintiff is ordered to file a response concerning his Section 1983 claim for the violation of his rights arising under the Fourteenth Amendment Due Process Clause according to the instructions set forth in the conclusion of this order.

### 3. Fourth Amendment—Excessive Force

Plaintiff also states a Section 1983 claim for the violation of his Fourth Amendment right to be free from excessive force arising out of the events of July 2013. (*See* Compl., Dkt. 1, at 4 (accusing some defendants of "using unnecessary excessive use of force against me in forcing me out of the wheelchair and in dragging me on the floor")). Even construing Plaintiff's complaint liberally, his excessive force claim applies only to Defendant Stipes, the sole defendant involved in removing him from his wheelchair and moving him into his cell in July 2013. (Compl., Dkt. 1-C, at 9). Defendant Stipes' motion for summary judgment contests an excessive force claim, but not a

9

claim arising out of the July 2013 incident. (*See* Defs.' Mot. Summ. J., Dkt. 38, at 8–9 (discussing Defendant Bowman removing Plaintiff's wheelchair from his cell; Defendant Bowman is not identified as part of Plaintiff's July 2013 allegations). Moreover, the magistrate judge made no findings and issued no recommendations on Plaintiff's excessive force claim. (Report & Rec., Dkt. 42). Accordingly, the Court reviews this claim *de novo*.

"The unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quotation marks and citation omitted). The "core judicial inquiry" for an excessive-use-of-force claim is determining "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. Additionally, courts are directed to consider several factors in determining whether a use of force is wanton and unnecessary: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Id.*

Defendants invoke assert a qualified immunity defense generally and to other claims, but not to Plaintiff's excessive force claim. In their motion for summary judgment, the Represented Defendants' argument on qualified immunity includes a single sentence applying the law to the factual allegations. (Defs.' Mot. Summ. J., Dkt. 38, at 9–10). That sentence pertains solely to Plaintiff's medical-treatment allegations. (*See id.* ("Defendants allowed Plaintiff access to adequate medical treatment, and there is no evidence to suggest that Defendants interfered with, or denied Plaintiff, access to adequate medical treatment.")). And although a defendant can assert a qualified immunity defense in a pleading, *Saenz v. Flores*, 668 F. App'x 611, 612 (5th Cir. 2016), Defendant Stipes' Answer only invokes qualified immunity in a generic manner. (*See* Answer, Dkt. 9, ¶ 12

("Defendants assert their entitlement to qualified immunity against the 42 U.S.C. § 1983 cause of action and any other federal claim asserted against them in their individual capacities.")).

Qualified immunity is "an affirmative defense that must be pleaded by a defendant official." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Qualified immunity alters the usual summary judgment burden of proof. . . . An officer need only plead his good faith, which then shifts the burden to the plaintiff, who must rebut the defense by establishing that the officer's allegedly wrongful conduct violated clearly established law." *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). That said, a defendant must *actually plead his good faith* with respect to a particular claim or allegation. *See McCardle v. Haddad*, 131 F.3d 43, 51 (2d Cir. 1997) ("The qualified immunity defense can be waived . . . by failure to raise it with sufficient particularity."); *Doherty v. Delaware*, 424 F. Supp. 2d 729, 737 (D. Del. 2006) (denying summary judgment on the basis of qualified immunity where defendants, among other things, "fail[ed] to specify the conduct for which they assert qualified immunity"); *Winston v. Simmons*, No. CIV.A. 01-3335-KHV, 2003 WL 21418359, at *5 (D. Kan. June 18, 2003) ("[D]efendants still must explain the basis of their qualified immunity argument with respect to the specific facts involving each claim against each defendant."). Moreover, it is reversible error for a district court to raise a qualified immunity defense *sua sponte* on a defendant's behalf when the defendant has not adequately asserted it. *See Straub v. Does*, 63 F. App'x 309, 311 (9th Cir. 2003) ("the district court erred in raising the defense of qualified immunity *sua sponte* on behalf of the defendants"); *Lee v. Myers*, 92 F.3d 1185 (6th Cir. 1996) ("It is ordinarily error to raise an affirmative defense [such as qualified immunity] *sua sponte*.").[6]

---

[6] The Court notes some disagreement among federal courts as to whether a district court may raise a qualified immunity defense on a defendant's behalf *sua sponte*. *See Alexander v. Tangipahoa Par. Sheriff Dep't*, No. CIV.A. 05-2423, 2006 WL 4017825, at *5 (E.D. La. Oct. 2, 2006) (collecting cases). That said, the Fifth Circuit generally holds that district courts may not raise non-jurisdictional affirmative defenses on a defendant's behalf *sua sponte*. *See Mercer v. United States*, 514 F. App'x 455 (5th Cir. 2013) ("Because failure-to-exhaust is an affirmative defense . . . the district court erred in *sua sponte* dismissing [the plaintiff's] claims on this basis."); *Lebouef v. Island Operating Co.*, 342 F. App'x 983, 984 (5th Cir. 2009) ("[I]n an ordinary civil case . . . the affirmative defense of statute of limitations . . . may not be raised by the court *sua sponte*."); *Mowbray v. Cameron Cty., Tex.*, 274 F.3d 269, 281 (5th Cir. 2001) ("Generally, res judicata is an affirmative

Here, the Represented Defendants (including Defendant Stipes) raised a generic qualified immunity defense and raised a specific qualified immunity defense as to Plaintiff's deliberate indifference claims. Neither assertion is sufficient to assert a qualified immunity defense (and thus to shift the burden of proof) as to Plaintiff's excessive force claim arising out of his July 2013 allegations. Accordingly, Defendant Stipes has not shifted the burden of proof to Plaintiff to survive summary judgment on this claim. Because Defendant Stipes has made no argument as to why summary judgment is warranted on this claim, and because Defendant Stipes has not asserted qualified immunity as to this claim for the purposes of summary judgment, the Court finds Defendants have not moved for summary judgment on this claim.[7]

### C. The December 2013 Claims

Plaintiff's second set of Section 1983 claims arise out of an incident that occurred on December 2, 2013, when Defendants Harris and Pollard allegedly took away Plaintiff's wheelchair while he was in his cell. (Compl., Dkt. 1-D, at 1). Plaintiff alleges that the removal of his wheelchair caused him to lose his balance and fall onto his head, rendering him unconscious. (*Id.* at 4–5). Defendant Pollard allegedly discovered Plaintiff unconscious in his cell but did not seek medical attention for Plaintiff; instead, he simply notified his supervisor, Defendant Matthews. (*Id.* at 5). Instead of seeking medical attention for Plaintiff, Defendant Matthews allegedly simply informed Defendant Harris of Plaintiff's condition. (*Id.*). From there, Plaintiff's condition was allegedly communicated up the chain of command to Defendant Furr, who told Defendant Bowman, who told Defendant Tilley. (*Id.* at 5–6). Plaintiff alleges that all six of these defendants knew that Plaintiff

---

defense that must be pleaded, not raised *sua sponte*."). The Court therefore chooses not to raise a qualified immunity defense on Defendants' behalf *sua sponte* as to Plaintiff's Fourth Amendment claim when Defendants had the opportunity to raise the affirmative defense themselves and opted to do so for some claims but not others.

[7] Although "a district court may grant summary judgment *sua sponte*," *Shepherd*, 221 F. App'x at 310, the Court declines to do so with respect to this claim, given the degree of detail with which Plaintiff describes his allegations regarding Defendant Stipes' conduct and the extent of his alleged injuries.

was unconscious but did nothing to care for him for over 14 hours, at which point he was taken by ambulance to a nearby hospital. (*Id.* at 5–9).

Construing Plaintiff's complaint liberally, he asserts Section 1983 claims against Defendants Pollard, Matthews, Harris, Furr, Bowman, and Tilley for violations of his Eighth Amendment right to be free from cruel and unusual punishment. (See *id.* at 2 (stating that Defendant Harris's decision to remove his wheelchair constituted "deliberate indifference to [his] need for safety"); *id.* at 6 (stating that the decision to leave him unconscious on his cell floor created a "cruel and unusual condition[]"); *id.* at 9 (stating that defendants' decision to deny him medical attention for "over 14 hours" placed him "at an excessive risk of harm to [his] safety and [his] health"). The Represented Defendants sought summary judgment on Plaintiff's deliberate-indifference claims, but addressed the substance of their argument to the decision to revoke Plaintiff's wheelchair access. (Defs.' Mot. Summ. J., Dkt. 38, at 6–8).

The magistrate judge found that Defendants' motion for summary judgment "[did] not address this particular allegation," (Report & Rec., Dkt. 42, at 14), and recommended that summary judgment be denied as to Defendants Pollard and Matthews, (*id.* at 14). Meanwhile, the magistrate judge recommended that summary judgment be granted against Plaintiff's claims against Defendants Harris, Furr, Bowman, and Tilley. (*Id.* at 15). As discussed below, the Court reviews *de novo* the magistrate judge's recommendation regarding Defendants Harris, Furr, Bowman, and Tilley, and holds that summary judgment is inappropriate for *all* of the Defendants against whom Plaintiff makes this claim.

1. <u>Defendants Pollard and Matthews</u>

The magistrate judge recommended that summary judgment be denied as to Plaintiff's Eighth Amendment claims against Defendants Pollard and Matthews arising out of the December 2013 incident. (*Id.* at 14). There being no objections to the magistrate's recommendation, the Court

13

reviews the recommendation for clear error. Finding none, the Court accepts the magistrate judge's recommendation and denies summary judgment against Plaintiff on his Section 1983 claims against Defendants Pollard and Matthews for violating his Eighth Amendment rights during the events of December 2013 alleged in Plaintiff's complaint. (Compl., Dkt. 1-D).

## 2. Defendants Harris, Furr, Bowman, and Tilley

The magistrate judge recommended that summary judgment be granted against Plaintiff's claims against Defendants Harris, Furr, Bowman, and Tilley. (Report & Rec., Dkt. 42, at 15). The magistrate judge found that Plaintiff did not allege facts sufficient to establish when Defendants Harris, Furr, Bowman, and Tilley learned of the events or that they learned of Plaintiff's condition in time to help. (*Id.*). Moreover, the magistrate judge found that Plaintiff merely alleged that Defendants Harris, Furr, Bowman, and Tilley were liable in their supervisory capacity, which is insufficient to establish Section 1983 liability. (*Id.* (citing *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987)). The Court chooses to exercise its discretion to review this finding and recommendation *de novo*. Doing so, the Court both reads Plaintiff's complaint differently and reaches a different conclusion.

Construing Plaintiff's complaint liberally, the Court reads Plaintiff's complaint to allege that Defendants Harris, Furr, Bowman, and Tilley were aware of Plaintiff's medical condition during the 14-hour period during which he alleges that Defendants denied him medical care. Plaintiff states that "Lieutenant Kevin Harris . . . along with Major Corey Furr[,] Unit Assistant Warden Jimmy Bowman[,] and Unit Head Warden Cynthia D. Tilley . . . did have knowledge of an excessive risk to my safety . . . and they were deliberate[ly] indifferen[t] to my serious medical needs for emergency medical attention . . . by unreasonab[ly] delay[ing] access to treatment." (Compl., Dkt. 1-D, at 6). Plaintiff states that the information taken up the chain of command from Defendant Pollard to Defendant Tilley was that Plaintiff "was in an unconscious and unresponsive state of being with me

14

laying inside" of the cell. (*Id.* at 5–6). Plaintiff's allegations suggest that all six defendants knew he was unconscious during the period in which he was not provided care.

Although "supervisory officials are not liable [under Section 1983] for the actions of subordinates on any theory of vicarious liability . . . a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 303–04. To prove deliberate indifference, a plaintiff must show that a prison official both (1) knew that the prisoner faced a substantial risk of serious harm and (2) disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). "Mere negligence in giving or failing to supply medical treatment would not support an action under Section 1983," but "a knowing and willful failure to provide or permit a prisoner access to needed medical care would violate clearly established constitutional rights." *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982).

The Fifth Circuit has repeatedly held that waiting multiple hours to call an ambulance after a prisoner loses consciousness constitutes deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment. *See Bias v. Woods*, 288 F. App'x 158, 162–63 (5th Cir. 2008) (affirming denial of qualified immunity for a prison physician who was aware of a prisoner's unconsciousness but delayed his care for several hours); *Austin v. Johnson*, 328 F.3d 204, 210 (5th Cir. 2003) (holding that "a reasonable person would not have waited nearly two hours to call an ambulance once [plaintiff] became unconscious"). Here, Plaintiff alleges without contravention that Defendants Pollard, Matthews, Harris, Furr, Bowman, and Tilley knew that he was unconscious but did not seek medical attention for him "for over 14 hours straight," at which point he was taken to a

15

nearby hospital in an ambulance. (Compl., Dkt. 1-D, at 9). Plaintiff's allegations suggest that Defendants Harris, Furr, Bowman, and Tilley were personally involved in the delay in seeking medical care, and that their inaction was causally connected with the delay in treatment. Plaintiff's allegations are thus sufficient to establish direct, not supervisory, liability for Defendants Harris, Furr, Bowman, and Tilley. *See Thompkins*, 828 F.2d at 303–04.

Plaintiff states that the doctor at the hospital told him that he had suffered "deep contusion[s]" to his head, shoulder, and hip. (Compl., Dkt. 1-D, at 9). Plaintiff alleges that the injury has subsequently led to more serious physical deterioration, such as numbness on the left side of his body, "sharp stabbing pain" in his neck and lower back, and "shooting pain" in his limbs. (*Id.* at 9–10). Plaintiff has offered no medical records to substantiate these injuries, but Defendants have offered no medical records later than December 2013 that might refute Plaintiff's allegations, nor have Defendants otherwise refuted Plaintiff's factual allegations related to his unconsciousness in their motion for summary judgment. Accordingly, for the same reasons that the magistrate judge recommended that summary judgment was unwarranted for Plaintiff's deliberate-indifference claims against Defendants Pollard and Matthews, the Court finds that summary judgment is inappropriate for Plaintiff's claims against Defendants Harris, Furr, Bowman, and Tilley.

## IV. CONCLUSION

In light of the foregoing discussion, the Court issues the following orders:

*First*, **IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 42), is **ACCEPTED IN PART AND NOT ACCEPTED IN PART**.

*Second***, IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (Dkt. 38), is **GRANTED IN PART AND DENIED IN PART**.

16

Specifically, Defendants' motion is **GRANTED** as to the following claims, which are each **DISMISSED WITH PREJUDICE**:

- All of Plaintiff's claims against each Defendant in their official capacities; and
- Plaintiff's Section 1983 claims for violations of his Eighth Amendment rights against Defendants Stipes and Tilley for the incident that occurred in July 2013.

Meanwhile, Defendants' motion is **DENIED** as to the following claims:

- Plaintiff's Section 1983 claim for the violation of his Fourth Amendment rights against Defendant Stipes for the incident that occurred in July 2013;
- Plaintiff's Section 1983 claims for violations of his Eighth Amendment rights against Defendants Pollard, Matthews, Harris, Furr, Bowman, and Tilley for the incident that occurred in December 2013.

*Third*, **IT IS FURTHER ORDERED** that Plaintiff is to file a response concerning his Section 1983 claim for the violation of his rights arising under the Fourteenth Amendment Due Process Clause **on or before December 22, 2017**. Plaintiff's response is to concern only that claim and should be **limited to 20 pages**, not including the caption, signature block, any certificate, or accompanying documents. *See* W.D. Loc. R. CV-7(e)(3) (allowing 20 pages for responses to dispositive motions). Defendants are ordered to reply to Plaintiff's response, if at all, **on or before January 5, 2018**. Defendants' reply must be **no longer than ten pages**, exclusive of the caption, signature block, any certificate, or accompanying documents. *Id.* at R. CV-7(e)(3).

**SIGNED** on November 27, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE