IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:15-cv-7-RP-JCM |
| | § | |
| CYNTHIA D. TILLEY, JIMMY BOWMAN, | § | |
| COREY FURR, KEVIN HARRIS, | § | |
| KEVIN STIPES, SAMUEL MATTHEWS, | § | |
| and JARED POLLARD, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Michael Wayne Stewart's ("Stewart") Declaration Concerning His Section 1983 Claim for Violations of His Rights Arising Under the Fourteenth Amendment ("Motion"). (Dkt. 53). Stewart, proceeding *pro se*, alleges several claims arising out of incidents that allegedly occurred when he was in the custody of the Texas Department of Criminal Justice. (Compl., Dkt. 1-C). One of those claims is a cause of action arising under 42 U.S.C. § 1983 ("Section 1983") for violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (*See* Compl., Dkt. 1, at 4 (in the sections labeled "Statement of the Case" and "Relief")). Stewart alleges that Defendant Cynthia Tilley's ("Tilley") decision to place him in a solitary cell violated his due process rights. (*See* Compl., Dkt. 1, at 4 ("they did place me into segregation solitary confinement without satisfying due process"); Compl., Dkt. 1-C, at 4 (claiming that Tilley "unjustly place[d Stewart] into solitary confinement without satisfying due process")).

In its order dated November 27, 2017, the Court found that Stewart had not provided evidence to support this claim and indicated that it would grant summary judgment in Defendants' favor *sua sponte* if he did not provide sufficient evidence to create a genuine issue of material fact in

support of this claim. (Order, Dkt. 50, at 8–9). The instant motion is Stewart's response to the Court's order, and the question is whether his motion presents sufficient evidence to avoid summary judgment against his Fourteenth Amendment claim.

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment can meet its burden "by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). Moreover, "it is well-settled that a district court may grant summary judgment *sua sponte*, so long as the losing party has ten days' notice to come forward with all of its evidence in opposition to summary judgment." *Shepherd v. Gulf Coast Cmty. Servs., 221 F. App'x* 308, 310 (5th Cir. 2007). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000). The court will view the summary judgment evidence in the light most favorable to the nonmovant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

The U.S. Supreme Court has held that the Fourth Amendment's Due Process Clause protects a prisoner's "liberty interest in avoiding particular conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005) (holding that prisoners had a liberty interest in avoiding assignment

to a unit in which prisoners were placed in a "small indoor room" for 23 hours per day, their placement was reviewed only once a year, and their placement disqualified them for parole consideration, *id.* at 223–24). That said, not every segregation policy gives rise to a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 475, 486 (1995) (finding no liberty interest protecting against a 30-day assignment to segregated confinement because it "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest").

In Stewart's motion, he states[1] as follows. On July 12, 2013, Warden Tilley ordered Defendant Kevin Stipes ("Stipes") to take Stewart to the infirmary. (Mot., Dkt. 53, at 1). Once there, Tilley waited to talk to a doctor. (*Id.*). After talking to the doctor, Tilley told Stewart that he would be placed in solitary confinement without his medically assigned wheelchair. (*Id.*). When he asked why he was being placed in solitary confinement without his wheelchair, Tilley told Stewart that he "would do better for [himself] without it." (*Id.* at 2). Stipes then took Stewart to the solitary cell, where he "used unnecessary and excessive force" to carry out Tilley's order. (*Id.*). Without his wheelchair, Stewart could not shower, see visitors, or make his medical appointments. (*Id.*). He remained in solitary confinement from July 12, 2013, until August 6, 2013. (*Id.*). During this time, he missed three medical appointments to treat neck and back injuries. (*Id.*). Stewart declares that there was "no documented penological interest" in placing him in solitary confinement. (*Id.*).

Stewart's evidence fails to create a genuine issue of material fact regarding the violation of his rights under the Fourteenth Amendment's Due Process Clause. Like the 30-day confinement in *Sandin*, Stewart's 25-day placement in solitary confinement segregated does not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*,

---

[1] Stewart's motion contains a declaration in which he swears under penalty of perjury that all facts in his complaint are true and correct. (Mot., Dkt. 53, at 2). His declaration transforms the allegations in his complaint into factual evidence equivalent to providing testimony in a sworn affidavit. 28 U.S.C. § 1746; *see also Johnson v. Jacobson*, No. 3:06-CV-0766-H, 2008 WL 2038882, at *4 (N.D. Tex. Apr. 28, 2008) ("When a *pro se* plaintiff properly executes a complaint or other pleadings which call for a declaration in conformity with 28 U.S.C § 1746, the plaintiff's statements are transformed from mere allegations of a pleading into specific facts as if they were in an evidentiary affidavit.").

515 U.S. at 486; *see also Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014) ("the duration in segregated confinement that courts have found does not give rise to a liberty interest ranges up to two and one-half years") (citing J*ones v. Baker*, 155 F.3d 810, 812–13 (6th Cir. 1998) (holding that administrative segregation for two and one-half years did not give rise to a liberty interest); *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (finding that a prisoner's placement in administrative segregation for fifteen months did not give rise to a liberty interest); *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (finding that protective lockdown for twelve months did not give rise to a liberty interest); *Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015) (affirming the dismissal of a prisoner's claim where he was placed in segregation for "at most 30 days" and did "not allege any significant psychological harm" despite admonishing district courts not to create a presumptive minimum of six months' confinement to give rise to a liberty interest); *Davis v. Barrett*, 576 F.3d 129, 135 (2d Cir. 2009) (characterizing solitary confinement of less than 30 days as "exceedingly short" such that a court need not even require a "detailed factual record" to decide the plaintiff's claim). Because Stewart's relatively brief period of confinement does not give rise to a constitutional liberty interest even when viewing the facts in the light most favorable to him, the Court must dismiss his Fourteenth Amendment claim.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Stewart's Section 1983 claim for the violation of his Fourteenth Amendment rights is **DISMISSED**.

**SIGNED** on March 19, 2018.

———————————————
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE